**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**EDWARD M. LYMAN, ESQ. (SBN 248264)**
Email: elyman@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.L.S., individually and as Successor in Interest to David Primo-Perez, deceased, by and through her Guardian Ad Litem, Sena Swinney; G.V.S., individually and as Successor in Interest to David Primo-Perez, deceased, by and through his Guardian Ad Litem, Sena Swinney; and DEBORAH CURIEL, individually,<br><br>          Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a municipal entity; and DOES 1 through 10, inclusive,<br><br>          Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1.   Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)**<br><br>**2.   Violations of Civil Rights (42 U.S.C. § 1983) (Based on Substantive Due Process Violations)**<br><br>**3.   Violations of Civil Rights (Cal. Civ. Code § 52.1)**<br><br>**4.   Wrongful Death (Based on Battery)**<br><br>**5.   Wrongful Death (Based on Negligence)**<br><br>__**DEMAND FOR JURY TRIAL**__ |

THE COCHRAN FIRM - CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone · (323) 282-5280 Facsimile

**JURISDICTION AND VENUE**

1.      Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2.      Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

**PARTIES**

3.      Plaintiff DEBORAH CURIEL is, and at all relevant times mentioned herein was, a resident of the County of San Bernardino and State of California. Plaintiff DEBORAH CURIEL is the surviving birth mother of decedent DAVID PRIMO-PEREZ.

4.      Plaintiffs A.L.S. and G.V.S., minors, are, and at all relevant times mentioned herein were, residents of the County of San Bernardino and State of California. Plaintiffs A.L.S. and G.V.S. are the surviving birth children of decedent DAVID PRIMO-PEREZ. Plaintiffs A.L.S. and G.V.S. bring this action by and through their grandmother and Guardian Ad Litem, Sena Swinney.

5.      Plaintiffs A.L.S. and G.V.S. are Successors in Interest to decedent DAVID PRIMO-PEREZ, and are entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure. (Attached hereto is a declaration designating A.L.S. and G.V.S. as Successors in Interest to DAVID PRIMO-PEREZ, furnished herewith pursuant to  § 377.32 of the California Code of Civil Procedure, and a true and correct copy of the death certificate for DAVID PRIMO-PEREZ, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure).

6.      Defendant COUNTY OF SAN BERNARDINO ("COUNTY") is and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

7.      On or around June 4, 2021, a timely Claim for Damages was submitted to the County of San Bernardino, in substantial compliance with California Government Code § 910, et seq. At the time of the filing of this Complaint, said Claim has been denied.

8.      Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them.

9.      Plaintiffs are informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matter herein alleged. Plaintiffs will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

10.     Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

11.     Plaintiffs are informed, believe, and thereon allege that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

12.     This Complaint concerns a fatal deputy-involved shooting which occurred during the afternoon hours of Monday, December 28, 2020, at or around the premises of the 15700 block of Main Street, in the City of Hesperia, when heretofore unknown San

THE COCHRAN FIRM– CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone · (323) 282-5280 Facsimile

Bernardino County Sheriff's Department deputies (hereinafter "Defendant Deputies"), while acting under the color of law and in the course and scope of their employment with the County of San Bernardino and the San Bernardino County Sheriff's Department negligently assessed the circumstances presented to them, and then violently confronted David Primo-Perez ("Mr. Perez") without having probable cause or reasonable suspicion to believe that Mr. Perez had committed a crime, or would commit a crime in the future.

13.    Thereafter, Defendant Deputies proceeded to assault and batter Mr. Perez by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at the person of Mr. Perez, inflicting multiple gunshot wounds to Mr. Perez's person. At no time during the course of these events did Mr. Perez pose any reasonable or credible threat of violence to Defendant Deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Mr. Perez suffered severe injuries as a direct and proximate result of the gunshot wounds inflicted upon his person by Defendant Deputies

14.    Plaintiffs further contend that Defendant Deputies were negligently hired, trained, and retained by the County of San Bernardino and the San Bernardino County Sheriff's Department, in that it was or should have been plainly obvious to the County of San Bernardino and the San Bernardino Sheriff's Department that Defendant Deputies were dangerous and violent employees, prone to discharge their firearms without reasonable justification, and in a manner that demonstrates callous disregard for the rights and safety of third parties, and to assault and batter, persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force without reasonable justification, all of which was a further proximate cause of the injuries sustained by Mr. Perez as a result of the subject deputy-involved shooting incident. Plaintiffs further contend that the death of Plaintiffs' decedent and the injuries suffered by Plaintiffs' decedent and Plaintiffs were the proximate result of unconstitutional policies and

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

customs of the County of San Bernardino and the San Bernardino County Sheriff's Department, which include, but are not limited to, unjustifiably using excessive force, unjustifiably using deadly force against non-dangerous civilians and suspects, inadequately training and supervising patrol deputies with respect to the reasonable and proper use of deadly force, inadequately training and supervising patrol deputies with respect to the reasonable and proper police procedures for the arrest and detention of non-dangerous suspects, as well as the deliberate and conscious approval, endorsement, and ratification of unconstitutional seizures, unconstitutional uses of deadly force, and other unconstitutional acts by authorized final policymakers within the County of San Bernardino and the San Bernardino County Sheriff's Department.

**FOR THE FIRST CAUSE OF ACTION**
**By Plaintiffs A.L.S., G.V.S., as Successors in Interest to**
**DAVID PRIMO-PEREZ, Deceased**
**Against DEFENDANT DEPUTIES**
**For Violations of Civil Rights [42 U.S.C. §1983]**
**(Based on Unreasonable Use of Deadly Force)**

15.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

16.     This cause of action is in part brought on behalf of decedent DAVID PRIMO-PEREZ, by and through his Successors in Interest, Plaintiffs A.L.S., G.V.S., and Deborah Curiel, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to DAVID PRIMO-PEREZ by the Fourth Amendment to the Constitution of the United States, which include, but are not limited to, the right to be free from unreasonable governmental seizures of his person.

17.     Plaintiffs are informed, believe, and thereon allege that at all times mentioned herein, Defendant COUNTY employed the individual Defendants named herein, including the heretofore unknown Defendant Deputies. Defendant COUNTY

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone, (323) 282-5280 Facsimile

5

provided its individual employees and agents, including the Defendant Deputies, with official badges and identification cards which designated ad described the bearers as employees of the Defendant COUNTY and the San Bernardino County Sheriff's Department.

18.     At all times relevant to the acts and omissions herein alleged, Defendant Deputies were employed by the Defendant COUNTY and the San Bernardino County Sheriff's Department, and were acting under color of state law and in the course and scope of their employment with Defendant COUNTY and the San Bernardino County Sheriff's Department.

19.     At approximately 1:30 p.m. on December 28, 2020, Plaintiffs' decedent, David Primo-Perez was peacefully present on or around the premises of the 15700 block of Main Street, in the City of Hesperia, when Defendant Deputies, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino County Sheriff's Department, negligently assessed the circumstances presented to them, and then violently confronted Plaintiff's decedent, David Primo-Perez, without having probable cause or reasonable suspicion to believe that David Primo-Perez had committed a crime, or would commit a crime in the future.

20.     Without warning, Defendant DOE Deputies proceeded to assault and batter David Primo-Perez by acts which included, but were not limited to repeatedly and unjustifiably discharging their department-issued firearms at the person of David Primo-Perez in a manner that demonstrated deliberate indifference to his constitutional rights. After surviving for a significant and appreciable period of time had following the shooting, David Primo-Perez Z died as a direct and proximate result of the gunshot wounds inflicted upon his person by Defendant Deputies.

21.     At no time during the course of these events did David Primo-Perez pose any reasonable or credible threat of death or serious bodily injury to Defendant Deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

which he was fatally shot, David Primo-Perez was not wielding any kind of weapon in a threatening manner, and posed no reasonable or credible threat of death or serious bodily injury to Defendant Deputies, nor to any other individual. Both prior to and during the time in which he was shot dead, David Primo-Perez made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability, to inflict substantial bodily harm upon any individual. Both prior to and during the time in which Defendant Deputies shot and killed David Primo-Perez, Defendant Deputies were not faced with any circumstances which would have led a reasonable Sheriff's deputy to believe that David Primo-Perez posed an immediate threat of death or serious bodily injury to any person.

22.   At all times mentioned herein, Defendant Deputies acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant COUNTY. Defendant Deputies deprived David Primo-Perez of the rights, privileges and/or immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

23.   David Primo-Perez had the right to be free from unreasonable governmental seizures of his person, a right which was secured to David Primo-Perez, by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. §1983. All of these interests were implicated by the wrongful conduct of Defendant Deputies, which proximately caused the death of David Primo-Perez.

24.   Plaintiffs are informed, believe, and thereon allege that in unreasonably seizing the person of David Primo-Perez, as described in the foregoing paragraphs of this Complaint, Defendant Deputies acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

omissions, and purposefully with the intent to deprive David Primo-Perez of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant Deputies in an amount to be proven at the trial of this matter.

25.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant Deputies, David Primo-Perez was shot and killed on December 28, 2020, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

26.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant Deputies, David Primo-Perez was required to employ, health care providers and/or medical practitioners to examine, treat, and care for him, and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

27.     Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988. For such other and further relief as the Court deems just and proper.

## FOR THE SECOND CAUSE OF ACTION
### By Plaintiffs A.L.S., G.V.S., and DEBORAH CURIEL
### Against Defendant Deputies
### For Violations of Civil Rights
### (Based on Substantive Due Process Violations)

28.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

29.     By causing the death of decedent David Primo-Perez, the actions of the Defendant Deputies violated All Plaintiff's Fourteenth Amendment right to substantive due process and privacy, as well as Plaintiff's Fourteenth Amendment right to associate with their birth father and birth children, and Plaintiff's Fourteenth Amendment right to

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

enjoy the care, companionship, familial relationship, and society of Plaintiffs' birth father and birth children, as well as Plaintiff's Fourteenth Amendment right to be free from arbitrary and unreasonable governmental intrusions into their family unit. At all times relevant to the acts and omissions herein alleged, the Defendant Deputies were faced with circumstances that allowed time for actual deliberation, and acted with deliberate indifference to the rights and safety of David Primo-Perez, (hereinafter "Plaintiffs' decedent") and with a conscious disregard of the risks posed to the safety of Plaintiffs' decedent. when they repeatedly used deadly force against Plaintiffs' decedent. Additionally, at all times relevant to the acts and omissions herein alleged, the Defendant Deputies acted with a purpose to harm unrelated to any legitimate law enforcement objective when they used deadly force against Plaintiffs' decedent. At all times relevant to the acts and omissions herein alleged, the Defendant Deputies' actions in using deadly force against Plaintiffs' decedent would be considered to shock the conscience.

30.    Plaintiffs are informed, believe, and thereon allege that in unreasonably seizing the person of Plaintiffs' decedent, as described in the foregoing paragraphs of this Complaint, Defendant Deputies acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiffs of their federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant Deputies in an amount to be proven at the trial of this matter.

31.    Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988. For such other and further relief as the Court deems just and proper.

/ / /

/ / /

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

## FOR THE THIRD CAUSE OF ACTION
**By Plaintiffs A.L.S., G.V.S., as Successors in Interest to
DAVID PRIMO-PEREZ, Deceased
Against DEFENDANT DEPUTIES
For Violations of Civil Rights [Cal. Civ. Code § 52.1.]
(Based on Unreasonable Use of Deadly Force)**

32.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

33.     This cause of action is in part brought on behalf of decedent DAVID PRIMO-PEREZ, by and through his Successors in Interest, Plaintiffs A.L.S., G.V.S., and Deborah Curiel, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to DAVID PRIMO-PEREZ by the Fourth Amendment to the Constitution of the United States, which include, but are not limited to, the right to be free from unreasonable governmental seizures of his person.

34.     By causing the death of decedent David Primo-Perez through the unreasonable use of deadly force, as described in the foregoing paragraphs of this Complaint, Defendant Deputies violated David Primo-Perez's right to be free from unreasonable searches and seizures, as guaranteed through the Fourth Amendment to the United States Constitution, and used a modicum of force that was specifically intended to be in excess of what was necessary and appropriate under the circumstances faced by Defendant Deputies, and acted with a reckless disregard for David Primo-Perez's constitutional rights, entitling plaintiffs to recover damages for pain and suffering, mental and emotional distress, as well as punitive damages and attorneys' fees, as prescribed by the Bane Act, codified in Cal. Civ. Code § 52.1.

/ / /

/ / /

/ / /

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

## FOR THE FOURTH CAUSE OF ACTION
### By Plaintiffs A.L.S., G.V.S. Against all Defendants for Wrongful Death
[Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43]
(Based on Battery)

35.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

36.     All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

37.     At approximately 1:30 p.m. on December 28, 2020, Plaintiffs' decedent, David Primo-Perez, was on or around the premises of the 15700 block of Main Street, in the City of Hesperia, when Defendant Deputies, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino Sheriff's Department, negligently addressed the circumstances presented to them, and then violently confronted Plaintiffs' decedent, David Primo-Perez, without having probable cause or reasonable suspicion to believe that David Primo-Perez had committed a crime, or would commit a crime in the future. Without warning, Defendant Deputies proceeded to assault and batter D David Primo-Perez by acts which included, but were not limited to repeatedly and unjustifiably discharging their department-issued firearms at the person of David Primo-Perez, inflicting multiple gunshot wounds, which proved to be fatal.

38.     As a direct and proximate result of the above-mentioned conduct of Defendant Deputies, David Primo-Perez was shot on December 28, 2020. After surviving for an appreciable period of time following the shooting, David Primo-Perez died as a direct and proximate result of the gunshot wounds inflicted upon his person by Defendant Deputies.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

39.     At no time during the course of these events did David Primo-Perez pose any immediate threat of death or serious bodily injury to Defendant Deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he shot dead, David Primo-Perez made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability, to inflict substantial bodily harm upon any individual. Both prior to and during the time in which Defendant Deputies shot and killed David Primo-Perez Z, Defendant Deputies were not faced with any circumstances which would have led a reasonable police officer to believe that David Primo-Perez posed and immediate threat of death or serious bodily injury to any person.

40.     Plaintiffs are informed, believe, and thereon allege that in shooting David Primo-Perez, as described in the foregoing paragraphs of this Complaint, Defendant Deputies acted outside the scope of their jurisdictions and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive Plaintiffs' decedent of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive damages against Defendant Deputies in an amount to be proven at the trial of this matter.

41.     As a direct and proximate result of the above-described conduct of Defendant Deputies, and the ensuing death of Plaintiffs' decedent, all Plaintiffs herein, have sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services of David Primo-Perez in an amount according to proof at trial.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

42.    As a further proximate result of the above-described conduct of Defendant Deputies, and the ensuing death of Plaintiffs' decedent, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

## FOR THE FIFTH CAUSE OF ACTION
### (By Plaintiffs A.L.S., G.V.S.
### Against All Defendants for Wrongful Death
### [Cal. Government Code §§ 815.2(a), 820(a)])
### (Based on Negligence)

43.    Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

44.    All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

45.    At approximately 1:30 p.m. on December 28, 2020, Plaintiffs' decedent was on or around the premises of the 15700 block of Main Street, in the City of Hesperia, when Defendant Deputies, while acting under color of state law and in the course and scope of their employment with the Defendant COUNTY and the San Bernardino Sherriff's Department, negligently assessed the circumstances presented to them, and then violently confronted Plaintiffs' decedent without having probable cause or reasonable suspicion to believe that Plaintiffs' decedent had committed a crime, or would commit a crime in the future. Without warning, Defendant Deputies proceeded to negligently discharge their department-issued firearms at the person of David Primo-Perez, inflicting multiple gunshot wounds, which proved to be fatal. After a significant and appreciable period of time had passed following the shooting, David Primo-Perez died as a direct and proximate result of the gunshot wounds negligently inflicted upon his person by Defendant Deputies.

46.    At no time during the course of these events did Plaintiffs' decedent pose any immediate threat of death or serious bodily injury to Defendant Deputies, nor did he

do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, David Primo-Perez was not armed with any kind of weapon, and posed no immediate threat of death or serious bodily injury to Defendant Deputies, nor to any other individual. Both prior to and during the time in which he was shot dead, David Primo-Perez made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable sheriff's deputy that he was armed with any kind of weapon, or had the will, or the ability, to inflict substantial bodily harm upon any individual. Both prior to and during the time, in which Defendant Deputies shot and killed Plaintiffs' decedent, Defendant Deputies, were not faced with any circumstances which would have lead a reasonable sheriff's deputy to believe that Plaintiffs' decedent posed an immediate threat of death or serious bodily injury to any person.

47.    Plaintiff's are informed, believe, and thereon allege that on and before December 28, 2020, Defendant DOE Deputies had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of deadly force, and a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures in approaching and/or detaining or arresting civilians and suspects who do not pose an immediate threat of death or serious bodily harm to any person. Notwithstanding each of these duties, Defendant Deputies failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to utilize additional departmental resources during the incident involving Plaintiffs' decedent, negligently failing to utilize available forms of cover during the incident involving Plaintiffs' decedent, negligently failing to maintain a position of tactical advantage during the incident involving Plaintiffs' decedent, negligently failing to communicate and/or effectively communicate with Plaintiffs' decedent, and with other departmental personnel and resources, during the incident involving Plaintiffs' decedent, negligently failing to utilize and/or

THE COCHRAN FIRM - CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone · (323) 282-5280 Facsimile

appropriately utilize less lethal force options and other alternatives less intrusive than deadly force during the incident involving Plaintiffs' decedent, negligently failing to deescalate the situation involving Plaintiffs' decedent, negligently employing a tactical response to the situation involving Plaintiffs' decedent that resulted in the unnecessary and preventable shooting of Plaintiffs' decedent, negligently failing to determine the fact that Plaintiffs' decedent posed no immediate threat of death or serious bodily injury to any person when he was shot and killed, negligently inflicting physical injury upon Plaintiffs' decedent, as described herein, and negligently employing deadly force against Plaintiffs' decedent when the same was unnecessary and unlawful. All of these negligent acts proximately cause David Primo-Perez's death on December 28, 2020.

48.     As a proximate result of the above-described conduct of the Defendants, and each of them, Plaintiffs' decedent was shot and killed on December 28, 2020.

49.     As a direct and proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of Plaintiffs' decedent, Plaintiffs' herein, has sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection affection, society, moral support, training, guidance, services, earnings, and financial support of David Primo-Perez in an amount according to proof at trial.

50.     As a further proximate result of the above-described conduct of the Defendants, and each of the, and the ensuing death of David Primo-Perez, Plaintiffs' have incurred funeral and burial expenses in an amount according to proof at trial.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1.     For funeral and burial related expenses according to proof at trial;

2.     For compensatory damages, including wrongful death damages and surviving damages, in an amount according to proof at trial;

3.     For costs of suit incurred herein;

4.     For attorneys' fees incurred herein, as provided by law;

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

5.    For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

6.    For such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands that a jury be empaneled for the trial of this matter.

DATED: January 11, 2022          Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

By:  /s/ Brian T. Dunn
     BRIAN T. DUNN
     Attorney for Plaintiffs

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

**DECLARATION OF SENA SWINNEHY**

1.        The decedent's name who is the subject of this action for wrongful death is DAVID PRIMO-PEREZ.

2.        On December 28, 2020, DAVID PRIMO-PEREZ lost his life as a result of injuries sustained in a deputy-involved shooting occurring at or around the premises of 15700 block of Main Street, in the City of Hesperia and State of California.

3.        No proceeding is now pending in California for the administration of the decedent's estate.

4.        I, am authorized to act on behalf of the decedent's successors in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

5.        No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:   January 11, 2022

SENA SWINNEY, declarant

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF SAN BERNARDINO
SAN BERNARDINO, CALIFORNIA

3052020318409 — STATE FILE NUMBER

**CERTIFICATE OF DEATH**
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
19 - 14 OCT 1996

3202036019258 — LOCAL REGISTRATION NUMBER

**DECEDENT'S PERSONAL DATA**

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| DAVID | VICENT PRIMO | PEREZ |

AKA, ALSO KNOWN AS - Include full AKA (FIRST, MIDDLE, LAST)

| 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | IF UNDER ONE YEAR Months Days | IF UNDER 24 HOURS Hours Minutes (24 Hours) | 6. SEX |
|---|---|---|---|---|
| 11/10/1987 | 33 | | | M |

| 9. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? | 12. MARITAL STATUS/SRDP (at Time of Death) | 7. DATE OF DEATH mm/dd/ccyy | 8. HOUR (24 Hours) |
|---|---|---|---|---|---|
| CA | 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 | X YES NO UNK | NEVER MARRIED | 12/28/2020 | 1324 |

| 13. EDUCATION – Highest Level/Degree (see worksheet on back) | 14/15. WAS DECEDENT HISPANIC/LATINO/A/SPANISH? (see worksheet on back) | 16. DECEDENT'S RACE - Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| 10 | X YES MEXICAN AMERICAN NO | CAUCASIAN |

| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY (e.g. grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| HANDYMAN | HANDYMAN SERVICES | 15 |

**USUAL RESIDENCE**

| 20. DECEDENT'S RESIDENCE (Street and number, or location) |
|---|
| 14139 CALLE CANTESA |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| VICTORVILLE | SAN BERNARDINO | 92392 | 31 | CA |

**INFORMANT**

| 26. NAME OF INFORMANT, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) |
|---|---|
| DEBORAH MARIE CURIEL, MOTHER | 14139 CALLE CANTESA, VICTORVILLE, CA 92392 |

**SPOUSE/SRDP AND PARENT INFORMATION**

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) |
|---|---|---|
| | | |

| 31. NAME OF FATHER/PARENT–FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN |

| 35. NAME OF MOTHER/PARENT–FIRST | 36. MIDDLE | 37. LAST | 38. BIRTH STATE |
|---|---|---|---|
| DEBORAH | MARIE | PEREZ | CA |

**FUNERAL DIRECTOR/LOCAL REGISTRAR**

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION |
|---|---|
| 03/12/2021 | RESIDENCE: DEBORAH MARIE PEREZ 14139 CALLE CANTESA, VICTORVILLE, CA 92392 |

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | 43. LICENSE NUMBER |
|---|---|---|
| CR/RES | CHASE MIRASSOU | EMB9356 |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| MCKAY'S HIGH DESERT FUNERAL HOME, MEMORIAL CHAPEL | FD2159 | MICHAEL A SEQUEIRA, MD | 02/01/2021 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| PARKING LOT | ER/OP IP DOA | Hospice Nursing Home/LTC Decedent's Home X Other |

| 104. COUNTY | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number or location) | 106. CITY |
|---|---|---|
| SAN BERNARDINO | 15757 MAIN ST | HESPERIA |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH | | Time Interval Between Onset and Death | 108. DEATH REPORTED TO CORONER? |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | (A) PENDING | | X YES NO |
| | | | CORONER'S NUMBER 702011482 |
| Sequentially list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | (B) | | 109. BIOPSY PERFORMED? YES NO |
| | (C) | | 110. AUTOPSY PERFORMED? X YES NO |
| | (D) | | 111. USED IN DETERMINING CAUSE? X YES NO |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date.) | 113A. IF FEMALE, PREGNANT IN LAST YEAR? YES NO UNK |
|---|---|

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. Decedent Attended Since ___ Decedent Last Seen Alive ___ | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| mm/dd/ccyy mm/dd/ccyy | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | | |

**CORONER'S USE ONLY**

| 119. MANNER OF DEATH | 120. INJURED AT WORK? | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|
| Natural Accident Homicide Suicide X Pending Investigation Could not be determined | YES NO UNK | | |

| 123. PLACE OF INJURY (e.g. home, construction site, wooded area, etc.) |
|---|
| |

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|
| |

| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) |
|---|
| |

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|
| JONATHAN KROEKER | 01/29/2021 | JONATHAN KROEKER, DEP CORONER |

| STATE REGISTRAR | A | B | C | D | E | FAX AUTH.# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|

*01001004805069*

1 of 2

CASANBER02

**CERTIFIED COPY OF VITAL RECORD**
STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

This is a true and exact reproduction of the document officially registered and placed on file in the OFFICE OF THE SAN BERNARDINO ASSESSOR-RECORDER-CLERK.

0 0 2 6 2 1 4 6 4

DATE ISSUED **AUG 0 4 2021** A. b.

Bob Dutton
BOB DUTTON
ASSESSOR-RECORDER-CLERK

This copy is not valid unless prepared on an engraved border displaying the date, seal and signature of the Assessor-Recorder-Clerk.

THE GREAT SEAL OF THE STATE — EUREKA — CALIFORNIA

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF SAN BERNARDINO
### SAN BERNARDINO, CALIFORNIA

### PHYSICIAN/CORONER'S AMENDMENT

3052020318409
STATE FILE NUMBER

NO ERASURES, WHITEOUTS, PHOTOCOPIES,
OR ALTERATIONS

3202036019258
LOCAL REGISTRATION NUMBER

1.1

☐ BIRTH   ☒ DEATH   ☐ FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY – THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD

### PART I   INFORMATION TO LOCATE RECORD

| INFORMATION AS IT APPEARS ON ORIGINAL RECORD | 1A. NAME—FIRST | 1B. MIDDLE | 1C. LAST | 2. SEX |
|---|---|---|---|---|
| | DAVID | VICENT PRIMO | PEREZ | M |
| | 3. DATE OF EVENT—MM/DD/CCYY | 4. CITY OF EVENT | 5. COUNTY OF EVENT | |
| | 12/28/2020 | HESPERIA | SAN BERNARDINO | |

### PART II   STATEMENT OF CORRECTIONS

| | 6. CERTIFICATE ITEM NUMBER | 7. INFORMATION AS IT APPEARS ON ORIGINAL RECORD | 8. INFORMATION AS IT SHOULD APPEAR |
|---|---|---|---|
| LIST ONE ITEM PER LINE | 107A | PENDING | MULTIPLE GUNSHOT WOUNDS |
| | 107AT | | SECS |
| | 112 | | NONE |
| | 113 | | NO |
| | 119 | PENDING INVESTIGATION | HOMICIDE |
| | 120 | | NO |
| | 121 | | 12/28/2020 |
| | 122 | | 1324 |
| | 123 | | PARKING LOT |
| | 124 | | SHOT BY LAW ENFORCEMENT OFFICER |
| | 125 | | 15757 MAIN STREET, HESPERIA, CA 92345 |

2 of 2

| DECLARATION OF CERTIFYING PHYSICIAN OR CORONER | I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. | | |
|---|---|---|---|
| | 9. SIGNATURE OF CERTIFYING PHYSICIAN OR CORONER ► DAVID LEE MCCARTHY | 10. DATE SIGNED—MM/DD/CCYY 07/25/2021 | 11. TYPED OR PRINTED NAME AND TITLE/DEGREE OF CERTIFIER DEPUTY CORONER |
| | 12. ADDRESS—STREET AND NUMBER 175 SOUTH LENA ROAD | 13. CITY SAN BERNARDINO | 14. STATE CA   15. ZIP CODE 92415 |
| STATE/LOCAL REGISTRAR USE ONLY | 16. OFFICE OF VITAL RECORDS OR LOCAL REGISTRAR ► STATE REGISTRAR - OFFICE OF VITAL RECORDS | 17. DATE ACCEPTED FOR REGISTRATION—MM/DD/CCYY 07/26/2021 | |

CASANBER02

### CERTIFIED COPY OF VITAL RECORD
STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO
This is a true and exact reproduction of the document officially registered and placed on file in the OFFICE OF THE SAN BERNARDINO ASSESSOR-RECORDER-CLERK.

DATE ISSUED   AUG 0 4 2021



BOB DUTTON
ASSESSOR-RECORDER-CLERK

0 0 2 6 2 1 4 6 5

This copy is not valid unless prepared on an engraved border displaying the date, seal and signature of the Assessor-Recorder-Clerk.